Probate Court of Tuscarawas County.

IN RE ESTATE OF WILLIAM CZATT.*

Decided April 21, 1933.

*J. F. Stephenson,* for exceptor.

*J. S. Hare,* for administrator with will annexed.

LAMNECK, J.

On October 9, 1932, William Czatt died testate and Morrison Czatt was thereafter duly appointed and qualified as administrator with the will annexed.

On March 17, 1933, the said administrator with the will annexed filed a schedule of debts in this court, included in which is a claim of one Charles P. Ferrell for $488.00 shown as rejected on March 17, 1933.

On March 31, 1933, the said Charles P. Ferrell, filed exceptions to the schedule of debts and alleged that his claim should have been allowed instead of rejected.

The matter came on for hearing on April 21, 1933, at which time the jurisdiction of the court to hear and determine any matter relative to the merits of the claims was challenged by the administrator with the will annexed on the ground that if the court had jurisdiction, a jury should be impanelled.

Sections 10509-118-119-120, General Code, relating to the filing of, and hearing on, the schedule of debts, provides in

---

*Payment of the foregoing judgment was tendered by the administrator with the will annexed and accepted by the claimant, precluding the prosecution of appeal or error.

brief that the executor or administrator must filed a schedule of all known claims, debts and liabilities against the estate, which must include the amount claimed and whether allowed or rejected. A hearing must be had on the schedule after notice is given, and exceptions may be filed at any time prior to five days before the date set for hearing. At the hearing witnesses may be examined, and the court must make a finding on its journal.

This statute is an innovation, is very indefinite and there is no similar statute in the probate law of any other state.

Some states provide that when claims are filed they are set down for adjustment in the probate court. If no objection is filed they are allowed without further evidence, but if objected to, the court passes on the merits of the claim. In some jurisdictions such hearing is *res adjudicata* to all parties while in others when a claim is disallowed by the Probate Court, the claimant has a right to bring an action at law against the executor in the proper court.

The only purpose of filing a schedule of debts known to the court is to enable the fiduciary to pay claims after approval of the schedule without peril to himself and to prevent fraud. In other words, the validity of the claim is determined before payment, and the fiduciary does not subject himself to exceptions to his account for either paying or not paying a claim.

Previous to the passing of the schedule of debts provision, a creditor who had a valid claim against an estate which an executor or administrator refused to pay could bring the matter before the Probate Court on exceptions to account. (*Smith* v. *Hayward,* 5 N. P. 501, 5 O. D. (N. P.) 462).

Likewise, the question of whether a claim which had been paid should have been paid in full or in part was a proper matter for the Probate Court to determine on exceptions to an account. (*Kroll* v. *Close,* 82 O. S. 190):

Consequently, if we assume that the function of the court in passing on the schedule of debts is to settle part of the account of the fiduciary in advance, no party at the hearing is entitled to a trial by jury because in settling the accounts of an administrator, a party is not entitled to a jury trial. (*Brown* v. *Reed,* 56 O. S. 264, 46 N. E. 982).

The court believes it to be the function of the fiduciary

to investigate all claims of which he has knowledge or which have been presented to him, allow or reject them, and report his action to the court.

If exceptions are filed to the schedule, it is the court's duty to determine whether the action of the fiduciary is proper. The court can do anything at the hearing that the fiduciary could have done, because under Section 10501-53, General Code, the court is given specific jurisdiction to direct and control the conduct of executors and administrators. Consequently, the court may reject a claim that has been allowed by the fiduciary, allow a claim that has been rejected by the fiduciary, or allow a claim in part that has been either allowed or rejected. If such were not the intention, no provision for a hearing, the examining of witnesses and a review would have been made. It would be futile to have an appeal if the court could only consider questions of law.

Such finding by the court would be conclusive, except for fraud, between the fiduciary and all parties interested in the estate, *Lambin* v. *Robinson,* 15 O. C. C. (N. S.) 126, 24 O. C. D. 91; *Crawford* v. *Ziegler,* 84 O. S. 224, except that a claimant would probably have a right of action under Section 10509-133, General Code, if his claim was allowed by the fiduciary and subsequently rejected or reduced by the court at the hearing on exceptions to the schedule, if brought within two months after the court's finding.

The court is also of the opinion that an alleged creditor whose claim has been rejected or been reduced by the fiduciary can either bring an action at law under Section 10509-133, General Code, within two months after rejection or file exceptions to the schedule of debts, for the reason that Section 10509-133, General Code, provides that an action at law within two months after rejection is exclusive only "except as otherwise provided by law."

The exceptor in this case elected to file exceptions to the schedule of debts, which gave the court jurisdiction to pass on the question without the intervention of a jury. From the evidence adduced, the court finds that the exceptor has a valid claim against said estate in the amount of $360.00, and said administrator with the will annexed is ordered to pay the same as a general claim against said estate.